IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CIVIL ACTION NO. 1:15-cv-02099

BUACHOMPHOO TACONI,

    Plaintiff,

v.

AMERISTAR CASINO BLACK,
HAWK, INC dba AMERISTAR
CASINO RESORT SPA
BLACK HAWK,

    Defendant.

---

Complaint

---

## JURISDICTION

1.    Plaintiff, Buachomphoo Taconi, is a resident of the State of Colorado with her principal residence located at 19810 East 59th Place, Aurora Colorado 80119.

2.    Defendant, Ameristar Casino Blackhawk is a Colorado Corporation with its principal place of business located at 111 Richman Street, Blackhawk, Colorado 80422.

3.    This Court has jurisdiction of this matter pursuant to Title VII of the Civil Rights Act of 1964, 42 U. S. C Title 2000(e)(5).

4.    28 USC §1367 allows this Court to hear cases under its supplemental jurisdiction where the supplemental claim is so related to the main federal claim under existing federal jurisdiction.

**STATEMENT OF FACTS**

5.	Plaintiff was employed by Defendant from approximately October 20, 2005 until on or about June 25, 2014.

6.	Plaintiff was employed as a buffet cook II by Defendant.

7.	From the date of Plaintiff's initial employment until June 24, 25, 2014 Plaintiff received no adverse employment decisions or reprimands from Defendant.

8.	Plaintiff received numerous compliments during her employment with Defendant and received complimentary coverage concerning her employment in the employee newspaper.

9.	During Plaintiff's employment she earned $15.00 per hour with Defendant.

10.	Plaintiff was a minority and older worker while employed by Defendant.

11.	Defendant hired three new cooks while Plaintiff was employed by Defendant. These new hires we named and their positions were as follows:

   Executive Chef Steve

   Chef John

   Chef Alley

12.	These new chefs identified here-in-above were all Americans without a foreign accent.

13.	The chefs would bully and harass the older minority workers with accents, make fun of the workers with accents and laugh at the foreign employees' accents.

14.	The chefs were also employed as supervisors over the employees with foreign accents.

15.	Plaintiff's supervisor chefs would allocate more than one buffet station to the foreign

employees with accents, while American employees were only given one station to work during their employment shift(s).

16. Plaintiff in the nine (9) prior periods was only required to operate one station, but was ordered to operate two stations upon arrival of the new hire chefs.

17. The new hire chefs put Plaintiff and the older employees with accents down in public and laughed at them.

18. The older workers were given different work assignments by the chef supervisors while the younger Caucasian workers were assigned one buffet station and allowed to abandon their stations and duties while being a part of the work group that made fun of the older accented employees.

19. The new hire chefs also assisted the Caucasian and younger employees when these employees fell behind but did not assist the older accented employees.

20. Plaintiff informed the chefs about the disparity in job duties and their actions towards the older accented employees, but the chefs merely made fun of Plaintiff in the presence of other employees by laughing at Plaintiff.

21. The younger Caucasian employees were left their station(s) unattended and allowed the food to be exhausted, while Plaintiff was ordered to man multiple stations when the younger Caucasian employees had abandoned their station(s).

22. Plaintiff prepared a written complaint concerning the supervisor's conduct and treating the accented minority and older employees differently than the younger Caucasian employees with co-worker, Sandra on or about June 12, 2014.

23. On or about June 15, 2014, Plaintiff called for her schedule and was informed that she

was terminated.  Co-worker, Sandra, was not terminated as a Defendant Human Resource representative stated "you are not like Boa".

24.     Plaintiff inquired about the termination action and was informed the termination arose because she had solicited other Defendant employees to work at Defendant's competitors near Plaintiff's Blackhawk, Colorado facility.

25.     Immediately upon termination, Plaintiff was handed an employee handbook that explained the Team Member Complaint Procedures and Discipline.  Defendant failed to follow their own procedures in Plaintiff's termination action nor was the abusive conduct or Defendant's supervisors towards Plaintiff addressed.

26.     During August, 2014, Defendant's registered agent was sent a certified letter addressing the discrimination sustained by Plaintiff in the workplace.

27.     Plaintiff disparate treatment Defendant and Defendant's supervisory employees, agents and servants in the workplace due to ethnicity, age, race and national origin constitute violations of the Federal Civil Rights Act and Colorado's Anti-Discrimination Laws(s).

28.     This disparity of treatment by Defendant and Defendant's employees and the retaliation by Defendant in terminating Plaintiff's employment due to her filing an internal complaint constitute, at least, violations of federal and State of Colorado anti-discrimination laws related to the workplace and the workplace environment.

29.  Plaintiff sustained, at least, lost pay and wages, humiliation and distress caused by Defendant and Defendant's supervisory employees, agents and servants' actions towards Plaintiff in the workplace and the workplace environment.

30. Plaintiff filed her workplace discrimination Complaint with the Colorado Civil Rights Division ("the Division") on or about November 26, 2014, which issued its Right to Sue Letter on or about June 24, 2015.

WHEREFORE, Plaintiff demands judgment against Defendant, Ameristar Casino Black Hawk, Inc.:

A. in an amount in excess of $100,000 plus Plaintiff's attorneys' fees, costs and expenses, for lost wages, humiliation, and distress caused by Defendant's unlawful conduct; and,

B. for such other relief as is just under the circumstances.

## COUNT TWO-COLORADO ANTIDISCRIMINATION VIOLATIONS
## AND SUPPLEMENTAL JURISDICITION

31. Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1-30 in this Paragraph 31.

32. 28 USC §1367 allows the federal Courts to hear cases under its supplemental jurisdiction where the supplemental claim is so related to the main federal claim under existing federal jurisdiction.

33. Defendants discriminated against Plaintiff in violation of the State of Colorado's anti-discrimination laws, namely, Colorado's Anti-Discrimination Act.

34. Plaintiff's State of Colorado claim(s) arise out of the nucleus of operative facts as stated in her federal claim of discrimination under Federal Law, as stated hereinabove.

35. Due to Defendants' discriminatory acts, conduct and statements made against Plaintiff, she has been injured in her reputation, his self-esteem, is distraught and injured in other ways.

WHEREFORE, Plaintiff demands:

a.       judgment against Defendants in an amount in excess of $100,000 with interest, costs and attorneys' fees, and,

b.       for such other relief as is just under the circumstances.

Dated:  October 2, 2015

 s/ Maria Ruskiewicz
*Maria Ruskiewicz*
Attorney Maria Ruskiewicz
2851 S Parker Rd Ste 410
Aurora CO 80014
Telephone: (303) 481-4405
E-mail: attorneyruskiewicz@gmail.com
Attorney for Plaintiff

**Plaintiff's Name & Address:**

**Buachomphoo Taconi**

**19810East 59th Place**

**Aurora, CO 80422**