### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO
### Judge Robert E. Blackburn

Civil Action No. 15-cv-02099-REB-NYW

BUACHOMPHOO TACONI,

    Plaintiff,

v.

AMERISTAR CASINO BLACK, HAWK, INC. d/b/a AMERISTAR CASINO RESORT SPA BLACK HAWK,

    Defendant.

### ORDER DENYING WITHOUT PREJUDICE
### PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

**Blackburn, J.**

The matter before me is plaintiff's **Motion for Default Judgment** [#16],[1] filed February 9, 2016. I deny the motion without prejudice as premature.

Defendant was served a copy of the summons and complaint on November 3, 2015. (*See* **Summons** [#8], filed December 17, 2016.) Defendant failed to answer or otherwise respond to the complaint within the time permitted by law, and thus has admitted the factual allegations of the complaint other than those relating to damages. *See* FED. R. CIV. P. 8(d); *see also Burlington Northern Railroad Co. v. Huddleston*, 94 F.3d 1413, 1415 (10th Cir. 1996). Entry of default under Fed. R. Civ. P. 55(a) was made by the clerk of the court on December 17, 2015 [#9].

---

[1] "[#16]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

Plaintiff now seeks default judgment against defendant pursuant to Fed. R. Civ. P. 55(b)(1). However, the motion fails to apprise the court as to how plaintiff believes the facts set forth in the complaint – and now admitted by defendant's failure to answer or otherwise appear in this action – prove up any one more of the claims for relief she has pleaded. I decline plaintiff's implicit invitation to divine the legal basis for a judgment in her favor from the bare fact of defendant's failure to timely answer.[2] The motion therefore must be denied without prejudice.

**THEREFORE, IT IS ORDERED** that plaintiff's **Motion for Default Judgment** [#16], filed February 9, 2016, is denied without prejudice as premature.

Dated February 24, 2016, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

---

[2] In addition, I note that plaintiff's motion is more properly brought under Fed. R. Civ. P. 55(b)(2), as plaintiff's damages are not for a liquidated amount or other sum certain:

> To be a "sum certain" there must be no doubt as to the amount that must be awarded. Thus, a court may enter a default judgment without a hearing only if the amount claimed is a liquidated sum or one capable of mathematical calculation.
>
> The inquiry does not end, however, just because a plaintiff requests a specific amount in its complaint. A plaintiff cannot satisfy the certainty requirement simply by requesting a specific amount. He or she must also establish that the amount requested is reasonable under the circumstances. Damages may be awarded only if the record adequately reflects the basis for award via a hearing or a demonstration by detailed affidavits establishing the necessary facts. Additionally, the amount of damages that a plaintiff may recover on default is limited to the amount that the plaintiff claims in the prayer for relief in the complaint.

*Hennecke, Inc. v. Advanced Building Composites, LLC*, 2010 WL 2464842 at *2 (D. Kan. June 4, 2010) (internal citations and quotation marks omitted). Plaintiff here did not request a specific amount of damages in her complaint, thus making relief inappropriate under Rule 55(b)(1).